MILTON IRVIE *v.* URIAH LASWELL.

Landlord and Tenant—Voluntary Abandonment of Premises—Improvements.
> Where a tenant voluntarily abandons the leased premises he can not recover from the landlord the value of the improvements placed on the land for his own convenience.

APPEAL FROM BULLITT CIRCUIT COURT.

January 31, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

Appellant had a right to retain possession of the land till the end of 1870; he built the smoke-house and stable for his own convenience, no express contract to pay for them by appellee was proved, and no fact from which such a contract to pay for them can be implied.

Appellant could not have been turned out by legal process, but might have held the premises to the end of the term in spite of appellee, and if he abandoned the possession at the request, or command, of appellee, it can be regarded in no other light than as a voluntary abandonment, and the law imposed no obligation on appellee to pay for the improvements. *Gudgell vs. Duvall, 4 J. J. Mar. 229.*

Scott proved the rent was settled for the year 1868. No errors

are perceived in the rulings of the court prejudicial to appellant by the court below, and the judgment must be *awrmed*.

*W. Wilson, for appellant.*
*A. H. Field, for appellee.*